a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SHANE SAENZ, Petitioner | CIVIL DOCKET NO. 1:19-CV-00586-P |
| VERSUS | JUDGE DRELL |
| WARDEN CALVIN JOHNSON, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner Shane Saenz ("Saenz") (#89234-079). (Doc. 1). Saenz is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Saenz challenges the calculation of his sentence by the BOP.

Because Saenz has failed to comply with a Court Order (Doc. 7), his Complaint (Doc. 1) should be DISMISSED WITHOUT PREJUDICE.

I.   Background

Saenz alleges that his good-time credits must be adjusted in light of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5194-249 (2018). (Doc. 1).

II.   Law and Analysis

A district court may dismiss an action for a petitioner's failure to prosecute or to comply with any order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte*. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to

prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Id. at 629-30.

Saenz was ordered to amend his Petition to show that he exhausted administrative remedies, or to explain what extraordinary circumstances prevented him from properly exhausting or why exhaustion would be futile. (Doc. 7). Saenz was also ordered to state whether his good-time has been re-calculated in accordance with the now-implemented First Step Act. (Doc. 7).

Saenz requested an extension of time within which to comply with the Court's Order, which was granted. (Docs. 8, 9). Saenz was ordered to amend his Petition (Doc. 1) by October 15, 2019. (Doc. 9). To date, Saenz has failed to comply with the Court's Order, and he has not requested an additional extension of time.

### III. Conclusion

Because Saenz has failed to comply with the Court's Order to amend his Complaint (Doc. 7), IT IS RECOMMENDED that Saenz's Petition (Doc. 1) be DISMISSED WITHOUT PREJUDICE under Rule 41(b) of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed,

unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __7th__ day of November 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE